IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2006 NOV 16  P 5: 25
CLERK _____
SO. DIST. OF GA.

LUIS F. ASTUDILLO,

    Petitioner,

vs.

JOSE M. VASQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV206-171

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Luis Astudillo ("Astudillo"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 contesting an event which occurred while he was incarcerated at the McRae Correctional Facility in McRae, Georgia. Respondent filed a Response, and Astudillo filed a Traverse. For the reasons which follow, Astudillo's petition should be **DENIED**.

## STATEMENT OF THE CASE

Astudillo was sentenced to 97 months' imprisonment in the Middle District of Florida after he was convicted of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(A)(1) and (B)(1)(A). Astudillo raises two grounds for relief in his petition. First, he claims that the Bureau of Prisons' ("BOP") contract with Corrections Corporation of America ("CCA") constitutes an unlawful delegation of the BOP's authority to house federal prisoners. Second, he argues that under the BOP's Program Statement 5270.07, authority to disallow good conduct time in disciplinary proceedings is limited to federal

AO 72A
(Rev. 8/82)

prisons, not state or private prison facilities. Astudillo seeks reinstatement of the 40 days' good credit time he was disallowed.

Respondent contends that the BOP has contracted with the CCA, a private corporation, to house federal prisoners at McRae Correctional Facility, a facility operated by CCA; the contract requires CCA to follow the BOP Program Statement for Disciplinary Procedures. While incarcerated at McRae Correctional Facility, Respondent alleges, Astudillo committed a disciplinary infraction, which resulted in his appearance before a Disciplinary Hearing Officer and the disallowance of good conduct time. Respondent asserts that the BOP did not improperly delegate its authority to CCA. Respondent also asserts that the BOP's reasonable interpretation of the applicability of its own regulations is entitled to judicial deference.

## DISCUSSION AND CITATION TO AUTHORITY

Petitioner argues that CCA does not meet the regulatory definition of a federal prison or correctional institution, and that it therefore is not authorized to enforce federal regulations providing for the forfeiture of good conduct time.

The BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's authority in this area may include contracting out the care of prisoners to private facilities. 18 U.S.C. § 4013(a)(3). The relationship between the federal government and facilities which house federal inmates pursuant to contract has been described as follows:

> Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, 'no federal agency or officer thereof has any authority to exercise any control over the day to day management of the local institution or over the details of the custody and care of federal prisoners confined therein.'. . . . 18 U.S.C. § 4001(b)(1),

2

> [provides] that '[t]he control and management of Federal penal and correctional institutions . . . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws. Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized as a [f]ederal prison."

United States v. Cardona, 266 F. Supp. 2d 558, 560 (W.D. Tex. 2003) (internal citations omitted).

Here, Astudillo relies on Cardona to support his contention that McRae Correctional Facility, which is run by CCA, is not a "federal" prison. The BOP has no direct or constructive control over managerial functions at McRae Correctional Facility, and the Court agrees that McRae Correctional Facility is not a "federal" prison. However, it must be determined whether McRae Correctional Facility, as a non-federal facility, may nevertheless impose disciplinary sanctions as delegated by the BOP. "It is well-established that federal agencies may not delegate their statutory authorities to private parties. However, '[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority.'" Carabollo-Rodriguez v. Pugh, CV304-081 (S.D. Ga. June 13, 2005) (citing Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003)).

Here, the BOP is charged with making a final determination as to whether disciplinary proceedings are proper. Because the BOP has retained final decision-making authority in the imposition of disciplinary sanctions, it has not unlawfully delegated its authority to CCA. See 28 C.F.R. Part 541 (federal regulations pertaining to inmate discipline); see also, Program Statement 5720.07 (stating that it is necessary for institution

3

authorities to impose discipline on those inmates whose behavior is not in compliance with the BOP's rules in order for inmates to live in a safe and orderly environment). Astudillo is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Astudillo's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE